### H. CLAY MERRITT

*v.*

### THE PEOPLE OF THE STATE OF ILLINOIS.

*Opinion filed November 8, 1897.*

1. GAME—*construction of section 6 of the Game law.* The words, "any of the animals, wild fowls or birds mentioned in section 1 of this act," employed in section 6 of the act on game, as amended in 1889, (Laws of 1889, p. 164,) are not limited in their application to animals, wild fowl and birds killed or taken within this State.

2. SAME—*construction of section 2 of the Game law.* Under section 2 of the act on game, as amended in 1889, one may have in his possession for sale during the time when, under section 1 of the same act, it is lawful to kill them in Illinois, those animals and birds killed in other States which the second clause of section 2 forbids the sale of *at any time* if taken or killed in Illinois.

3. SAME—*purpose of section 6 of the Game law.* The purpose of section 6 of the Game law, as amended in 1889, is to prohibit the possession or sale of any animals or birds taken or killed in other States, and of those taken and killed in Illinois the sale of which is not prohibited by section 2 of the same act, during the period when it is unlawful, under section 1 of the same act, to take or kill such animals and birds in Illinois.

4. SAME—*purpose of clause in section 6 as to prima facie evidence of violation.* The purpose of the clause in section 6 of the Game law which provides that the possession or sale of animals and birds mentioned therein after the expiration of the time therein specified "shall be *prima facie* evidence of a violation of this section," is

to cast upon the person charged with a violation of section 6 the burden of bringing himself within its provisos.

5. SAME—*what is a violation of section 6 of the Game law.* One having animals, wild fowl or birds in his possession for sale after the expiration of five days from the last day of the period during which, under section 1 of the Game law, such animals, wild fowl or birds might lawfully be taken or killed in Illinois, violates section 6 of the Game law, though such animals, fowl, etc., were taken or killed in foreign States. (*Magner* v. *People*, 97 Ill. 320, followed.)

*Merrit* v. *People*, 68 Ill. App. 273, affirmed.

APPEAL from the Appellate Court for the Second District;—heard in that court on writ of error to the County Court of Henry county; the Hon. ANTHONY R. MOCK, Judge, presiding.

BLISH & LAWSON, for appellant.

EDWARD C. AKIN, Attorney General, and EMERY C. GRAVES, State's Attorney, for the People.

Mr. JUSTICE BOGGS delivered the opinion of the court:

Appellant was found guilty of and fined for the violation of the provisions of section 6 of chapter 61, entitled "Game." Said section is as follows: "No person or persons shall sell or expose for sale, or have in his or their possession for the purpose of selling or exposing for sale, any of the animals, wild fowls or birds mentioned in section one (1) of this act after the expiration of five (5) days next succeeding the first day of the period in which it shall be unlawful to kill, trap or ensnare such animals, wild fowls or birds. Any person so offending shall, on conviction, be fined and dealt with as specified in section one (1) of this act; and selling or exposing for sale, or having the same in possession for the purpose of selling or exposing for sale, any of the animals or birds mentioned in this section after the expiration of the time mentioned in this section shall be *prima facie* evidence of the violation of this act: *Provided*, that the provisions of this act shall not apply to the killing of birds by or for

the use of taxidermists for preservation, either in public or private collections, if so preserved: *Provided further*, that nothing contained in this section shall be construed as modifying or being in conflict with section 2 of this act, or authorizing or legalizing the sale or exposing for sale, transportation or receiving for transportation, any of the animals, birds or game as therein prohibited: *And provided, also,* that inhabitants of villages and cities may receive and ship game from other States, and expose and sell the same on the market in said villages and cities, between the first day of October and the first day of February of the following year." (Hurd's Stat. 1897, p. 870.)

The evidence showed, beyond contention, that appellant, on the 18th day of July, 1895, in Henry county, Illinois, had in his possession, for the purpose of selling the same, a large number of quail, ducks and prairie chickens, but it further appeared from the testimony he purchased such birds in other States than Illinois, in November and December, 1894, and January, 1895, and imported them into this State in those months.

Counsel for appellant contend that "a proper construction of the words 'any of the animals, wild fowls or birds mentioned in section one (1) of this act,' as employed in said section 6 of the game statute, would limit these words to such animals, wild fowls or birds as were intended to be protected by the provisions of the act, viz., birds killed or taken within the State of Illinois." Counsel concede this court, in *Magner* v. *People,* 97 Ill. 320, when the question of the true construction of this statute was before it, said, "the language (of the section) is clear and free from ambiguity, and in such case there is no room for construction,—the language must be held to mean just what it says," and ruled that having such birds in possession for the purpose of selling the same was within the inhibition of the statute though the birds were taken and killed beyond the limits of the State. But counsel insist the court, when passing upon the *Magner case,* failed to fully con-

sider and construe the following sentence in section 6, viz.: "Any person so offending shall, on conviction, be fined and dealt with as specified in section one (1) of this act, and selling or exposing for sale, or having the same in possession for the purpose of selling or exposing for sale, any of the birds mentioned in this section after the expiration of the time mentioned in this section shall be *prima facie* evidence of the violation of this act." It is argued the only purpose which that sentence serves or can serve is to make possession of the game in question within the State, for the purpose of selling it, *prima facie* proof that such game was such as was intended to be protected by section 1 of the act, viz., birds within the State of Illinois, and to cast upon the person accused of a violation of the section the burden of proving the birds in his possession had been taken in or brought from a foreign State.

The object sought to be attained by the enactment of chapter 61, entitled "Game," is the protection of the animals and birds mentioned in section 1 of the chapter. The prohibition of the possession and sale of such animals and birds would manifestly tend materially to such protection. This consideration induced the enactment of sections 2 and 6 of the chapter. Section 2, in its first clause, declares it to be unlawful to buy, sell or have in possession *any* of the animals, wild fowls or birds mentioned in section 1 of the act *which have been taken or killed in violation of the act during the periods of time when it is unlawful*, under the provisions of section 1, to take or kill such game. In its second clause said section 2 declares it shall be unlawful, *at any time*, to sell or expose for sale, or have in possession for the purpose of selling, *certain designated animals* and birds which shall have been *taken or killed within the limits of this State*. The concluding clause of said section 2 relates to the transportation of certain animals or birds *which have been taken or killed within the limits of this State*.

It will be observed that section 2 has relation solely to game taken or killed in the limits of the State, and that it permits the possession and sale of certain of the birds and animals mentioned in section 1,—*i. e.*, such as are omitted from mention in the second clause of said section 2,—at any time when it is lawful to take and kill such animals or birds, though they were killed in the State. Therefore, during the time it is lawful to take or kill game in Illinois it is lawful, so far as section 2 is concerned, to have in possession and sell animals or birds of the species mentioned in section 1 which were taken and killed in other States, and such animals and birds killed in this State as are omitted from mention in the second clause of section 2.

It is manifest section 6 was enacted for the purpose of regulating the possession and sale of animals and birds not controlled by the provisions of section 2,—*i. e.*, animals or birds of any species mentioned in section 1 which were taken or killed without the State, and animals or birds mentioned in section 1, taken or killed in the State, which might, under the provisions of section 2, be lawfully sold during the time it was lawful to take and kill them. Section 6 was enacted in view of the fact that under the operation of section 2 it was lawful, during the period when the taking and killing of game in Illinois was permitted by section 1, for any person to have in possession and sell any animals or birds killed without the limits of the State, and also any animals or birds killed within the State not specifically prohibited by the second clause of section 2. Section 6 was therefore enacted for the purpose of prohibiting possession or sales of animals and birds taken or killed in a foreign State, or of such species as the sale thereof was not prohibited by section 2 during the period of time when it was unlawful, under section 1, to take and kill animals and birds of the same species in Illinois. In order, however, that dealers in game could have opportunity to dispose of

their stocks, it was provided by section 6 that the prohibition of the section should not operate for five days after it became unlawful to take and kill such game in Illinois. Provisos to section 6 exempt from its operation birds killed by or for the use of taxidermists, for preservation, and also sales of birds shipped into the State by the inhabitants of cities and villages, and sold or exposed for sale by such inhabitants in the markets of such cities and villages, between the first day of October and the first day of February of the following year. The sentence in said section 6, heretofore set out in full, and which counsel insist the court, in the *Magner* case, overlooked and failed to consider, was inserted therein for the purpose of relieving the People, when prosecuting alleged violations of section 6, of the burden of negativing, by proof, that the defendant was protected by the provisions of either of these provisos, and to cast upon the defendant in such cases the duty of showing the facts necessary to exculpate him under either of them.

The motion to quash the information, the objections to the instructions given on behalf of the People, to the action of the court in refusing to give certain instructions asked on behalf of the defendant, the motion for new trial and the motion in arrest of judgment, all rest upon the same ground, viz., that the provisions of said section 6 have application only to cases where the animals or birds were taken or killed within the State of Illinois. It is unnecessary, therefore, we should further discuss them.

We adhere to the doctrines announced in the case of *Magner* v. *People*, and it is needless we extend this opinion by a discussion of the arguments of counsel directed against the principles announced in that case.

The judgment is affirmed.          *Judgment affirmed.*